## PROMISSORY NOTE A

$3,000,000.00

Clarksburg, West Virginia
January 29, 2021

FOR VALUE RECEIVED, the undersigned, **CHRISTOPHER LANE**, whose address is 317 Buckhannon Avenue Clarksburg, West Virginia 26301 (the "Borrower"), hereby promises to pay to the order of **NORMAN LANE**, his heirs and assigns, ("Lender"), at 974 Nicut Road, Orma, West Virginia 25268, or at such other place as the holder hereof may designate from time to time in writing, the principal sum of Three Million Dollars ($3,000,000.00), together with interest thereon, as hereinafter provided.

Interest Rate:

The principal outstanding under the "Loan" shall not bear interest from the date hereof for a period of 360 days, said interest free period ending without notice of any kind on the 24th day of January 2022 at which time, if not paid in full, any unpaid principal balance shall bear interest at a rate of ten percent (10%) per annum ("Default Rate") from the date of this Note A until paid in full.

The principal and interest due hereon shall be paid as follows:

(1) The principal balance of this Note shall be due, owing and payable in in four (4) installments. The first installment shall of Fifty Thousand Dollars ($50,000.00) shall be paid on the Closing Date. The second installment of Seven Hundred Fifty Thousand Dollars ($750,000.00) shall be due and payable on May 29, 2021; the third installment of One Million Two Hundred Thousand Dollars ($1,200,000.00) shall be due and payable on September 26, 2021; and the final installment of One Million Dollars ($1,000,000.00) shall be due and payable on January 24, 2022. In the event the principal balance is not paid in full on or before January 24, 2022, Borrower shall be in default of this Note.

(2) Unless sooner paid, the entire sum of principal, interest, and all other lawful charges due on the Note shall become due and payable on or before January 24, 2022.

Prepayment: This Note may be prepaid in whole or in part at anytime without penalty.

Late Charge: The undersigned agrees to pay, at the option of the holder hereof, a late charge of five (5%) percent of the amount of any installment under this Note which is not paid within 5 days after the due date thereof. All late charges and interest on overdue payments which may from time to time be owing under the terms hereof shall be payable on demand.

Default: Upon any of the following events, at the option of the holder of this Note, the entire unpaid principal balance of the indebtedness evidenced hereby, together with all accrued but unpaid interest thereon at the Default Rate and all other sums or charges due hereunder or secured by or required to be paid by Borrower under any of the Loan Documents (defined below), shall become immediately due and payable:

(a) In the event any installment of Note A is not made when due, Seller shall provide Borrower and Guarantor written notice of such default and Borrower and Guarantor shall have thirty (30) days from the date of notice to cure such default. Any failure on the part of the Borrower and or the Guarantor to make any payment when due, and such payment is not cured within thirty (30) days off the date of written notice of default shall be a default hereunder.

**Exhibit B**

(b)     If Borrower breaches any other covenant under this Note A, Note B and or the Loan Documents and such breach remains uncorrected for a period of thirty (30) days following delivery of written notice to Borrower thereof; provided, however, that as to any default that cannot be cured by the payment of money only and that cannot reasonably be cured within such thirty (30) day period, in the event that Borrower commences the cure of such non-monetary default within such thirty (30) day period, then, in such case, the thirty (30) day cure period shall be extended so long as Borrower diligently pursues and prosecutes such cure to completion, and so long as the value of the Mortgaged Property (defined herein) is not, in the sole discretion of Lender, impaired; provided, however, that the aggregate cure period shall not exceed sixty (60) days.

(c)     If Borrower breaches any covenant or agreement in any of the other Loan Documents, and such failure remains uncorrected at the expiration of any applicable grace period provided for therein.

(d)     If in any creditor's proceeding Borrower shall consent to the appointment of a receiver or trustee for the property encumbered by any of the Loan Documents.

(e)     If any order, judgment, or decree shall be entered, without the consent of Borrower, upon an application of a creditor approving the appointment of a receiver or trustee for any property of the Borrower, including, without limitation, the property encumbered by any of the Loan Documents, and any such order, judgment, decree, or appointment shall not be dismissed or stayed with an appropriate appeal bond within sixty (60) days following the entry or rendition thereof.

(f)     If the Borrower (i) makes a general assignment for the benefit of creditors, (ii) fails to pay its debts generally as such debts become due, (iii) is found to be insolvent by a court of competent jurisdiction, (iv) voluntarily files a petition in bankruptcy or a petition or answer seeking a readjustment of debts under any federal bankruptcy law, or (v) any such petition is filed against the Borrower and is not vacated or dismissed within sixty (60) days after the filing thereof; or

(g)     Upon the death, or judicial declaration of incompetency, of borrower under this Note unless, within a period of sixty (60) days thereafter, Borrower provides to Lender additional collateral or security acceptable to Lender in its sole discretion.

Notice of Lender's election to accelerate the indebtedness evidenced hereby is hereby expressly waived as part of the consideration for the loan evidenced by this Note (the "Loan"). Nothing contained herein shall be construed to restrict the exercise of any other rights or remedies granted to Lender hereunder or under any of the other Loan Documents upon the failure of Borrower to perform any provision hereof or of any of the other Loan Documents. No failure by Lender to exercise any right hereunder or under any of the other Loan Documents shall be construed as a waiver of the right to exercise the same or any other right at any time or from time to time thereafter.

Application of Proceeds:  At any time following an Event of Default, all payments made by Borrower under this Note, the Deed of Trusts or any of the other Loan Documents and received by Lender shall be applied by Lender to the following items and in such order as Lender may determine in its sole discretion: (a) to the advances by Lender for payment of taxes, assessments, insurance premiums and other costs and expenses, as set forth in this Note, the Deed of Trust or any of the other Loan Documents; (b) to any amounts that may be overdue on account of any of the terms, provisions, conditions or covenants contained in the Deed of Trust, this Note or any of the other Loan Documents; (c) to the interest then accrued on the indebtedness secured hereby; and (d) to the outstanding principal under this Note.

Costs:  If this Note is not paid when due, whether at maturity or by acceleration, Borrower promises to pay all reasonable costs of collection incurred by Lender, including, without limitation, reasonable attorneys' fees to the fullest extent not then prohibited by

**Exhibit B**

applicable law, and all expenses incurred in connection with the protection or realization of any collateral, whether suit is filed hereon or on any instrument granting a security interest.

Severability: In the event that any one or more of provisions of this Note shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part, or in any respect, or in the event that any one or more of the provisions of this Note shall operate, or would prospectively operate, to invalidate this Note, then, and in any such event, such provision or provisions only shall be deemed to be null and void and of no force or effect and shall not affect any other provision of this Note, and the remaining provisions of this Note shall remain operative and in full force and effect and shall in no way be affected, prejudiced or disturbed thereby.

Security: This Note is secured by various Deeds of Trust, Stock Pledge Security Agreement, assignment agreements, pledge agreements and other Security Agreements of even date herewith, collectively (the "Deeds of Trust") for the benefit of Lender mortgaging certain real property and certain personal property located collectively the ("Mortgaged Properties") and individually the ("Mortgaged Property"). This Note, Note B, the Stock Purchase Agreement, and all other documents referred to in this paragraph or executed in connection with the Loan evidenced hereby, are referred to herein collectively as the ("Loan Documents.") Reference is made to the Loan Documents for a description of the security and rights of the holder in respect thereto, including, without limitation, certain rights and obligations pertaining to the maintenance, furnishing and inspection of financial records, statements, and reports, but this reference to the Loan Documents shall not affect or impair the absolute and unconditional obligation of the Borrower to pay when due the installments of principal and interest provided for herein. Borrower consents and agrees that, without affecting Borrowers' liability on this Note, the holder may do any of the following: release any of the property described in the Deed of Trust; grant any indulgence, forbearance, extension of time for payment, or release any other person now or hereafter liable for the payment of this Note.

Non-Waiver: In the event Lender (a) releases any part of security for this Note or any person liable for the Loan, (b) grants an extension of time for any payments of the indebtedness evidenced hereby, (c) takes other or additional security for the payment thereof, (d) accepts partial payments, or (e) otherwise exercises or waives or fails to exercise any right granted herein or in any of the other Loan Documents, no such act or omission shall constitute a waiver of any default, or extend or affect the grace period, if any, release Borrower, subsequent owners of the Mortgaged Property or any part hereof, or any guarantors of this Note, the Deed of Trust, or any of the other Loan Documents, or preclude Lender from exercising any right, power or privilege herein granted or intended to be granted for any event of default. Borrower hereby waives demand, presentment for payment, protest, notice of protest, and of nonpayment and any and all lack of diligence or delays in collection or enforcement of this Note.

Business Loan: Borrower hereby expressly acknowledges and represents that the indebtedness evidenced by this Note is incurred wholly for a "business purpose", as defined in W. Va. Code §47-6-11.

Joint and Several Liability: If there is more than one Borrower hereunder, the obligations, covenants, promises, warranties and representations of each Borrower shall be joint and several. Each natural person executing this Note as a Borrower acknowledges and agrees that he (a) intends to be bound as a co-obligor hereunder and shall not be deemed to be an accommodation party or surety with respect to the Loan, (b) has the joint right to control the distribution of proceeds of the Loan, and (c) has a direct economic interest in the success of the Mortgaged Property and shall benefit from the Loan.

Collateral Execution Sequence. Borrower and Lender agree that, notwithstanding any other provisions in the Loan Documents, upon any uncured Default of this Note A, Lender shall not be not execute upon the Shares of the Company pledged as collateral for Note A pursuant to the Stock Pledge Agreement until the properties pledged as collateral for Note A provide

**Exhibit B**

insufficient net proceeds to satisfy such Default.

<u>Gender</u>: Whenever the context so requires, the masculine gender shall include the feminine and/or neuter and the singular number shall include the plural, and conversely in each case.

<u>Notices</u>: Any notice or demand that is made hereunder or under any other Loan Documents, shall be delivered by registered or certified mail, return receipt requested, at the address herein set forth or such other address which either party may give the other notice of in writing in the manner provided in this section and such delivery shall be deemed complete upon mailing.

Borrowers:    Christopher Lane
317 Buckhannon Avenue
Clarksburg, Wet Virginia 26301

Lender:    Norman Lane
974 Nicut Road
Orma, West Virginia  25268

Any notice or demand delivered to the person or entity named above to accept notices and demands for Borrower shall constitute notice or demand duly delivered to all parties-signing this Note as Borrower.

<u>Governing Law</u>: This Note is secured by real property located in the State of West Virginia and shall be construed and enforced according to, and governed by, the laws of the State of West Virginia.

WAIVER OF JURY TRIAL; VENUE. BORROWER HEREBY, AND LENDER BY ITS ACCEPTANCE HEREOF, EACH WAIVES THE RIGHT OF A JURY TRIAL IN EACH AND EVERY ACTION ON THIS PROMISSORY NOTE OR ANY OF THE OTHER LOAN DOCUMENTS, IT BEING ACKNOWLEDGED AND AGREED THAT ANY ISSUES OF FACT IN ANY SUCH ACTION ARE MORE APPROPRIATELY DETERMINED BY THE COURTS; FURTHER, BORROWER HEREBY CONSENTS AND SUBJECTS ITSELF TO THE JURISDICTION OF CIRCUIT COURTS OF STATE OF WEST VIRGINIA AND, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, TO THE VENUE OF SUCH COURT IN THE COUNTY IN WHICH THE MORTGAGED PROPERTY IS LOCATED.

BORROWER:

_____
Christopher Lane, individually

**Exhibit B**